UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

2008 JUL 17 P 12: 36

| | |
|---|---|
| Ben Howard Smith,<br><br>Plaintiff,<br><br>vs.<br><br>Joseph K. Coffy; Bob Atkinson; Linda G. Walters;<br>Percy B. Harvin; L. Keith Josey, Jr.; Ronnie Stewart,<br><br>Defendants. | C/A No. 2:08-201-PMD-GCK<br><br>REPORT AND<br>RECOMMENDATION<br>FOR PARTIAL<br>DISMISSAL |

This case was transferred to this Court from the United States District Court Southern District of New York. [Docket # 1]. The plaintiff files this civil rights action *pro se*, and his motion to proceed without prepayment of the filing fee, *in forma pauperis*, under 28 U.S.C. § 1915 has been granted. [Docket # 6]. The complaint names a judge as a defendant, and Plaintiff seeks monetary damages, as well as injunctive relief. The Defendant Percy B. Harvin, Magistrate, Clarendon County Magistrate Court, should be dismissed as a party in this case.

### *Pro Se* and *In Forma Pauperis* Review



Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir.).

The complaint in this case has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a

district court to dismiss the case upon a finding that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, a *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## Background



After this case was transferred to this Court from the United States District Court Southern District of New York [Docket # 1], the case was evaluated pursuant to 28 U.S.C. § 1915. As an initial matter, this case was not in proper form for service of process. By order dated February 22, 2008, the plaintiff was given a specified time in which to provide required documents. [Docket # 6]. Although the order was mailed to the address provided on the plaintiff's complaint, on March 26, 2008, the order was returned to this Court as undeliverable mail. The envelop was stamped "forwarding time expired." [Docket # 9]. The Court had no other address for the plaintiff, so on April 14, 2008, the assigned magistrate judge filed a report recommending the case be dismissed without prejudice for lack of

prosecution pursuant to Rule 41 of the Federal Rules of Civil Procedure. [Docket # 11]. The report was mailed to the plaintiff, and on April 28, 2008, was returned to this Court as undeliverable mail. [Docket # 15]. On April 29, 2008, the magistrate judge's report was adopted in an order by the Honorable Patrick Michael Duffy, United States District Judge, dismissing the case. [Docket # 17]. On May 9, 2008, the plaintiff filed a motion to reopen the case [Docket # 21], which was granted by Judge Duffy on May 12, 2008. [Docket # 24].

The order requiring the plaintiff to bring his case into proper form was mailed to the plaintiff's new address on May 13, 2008. The plaintiff filed documents in compliance with the order to bring the case into proper form on June 2, 2008. The case is ready for evaluation under 28 U.S.C. § 1915.

## Discussion



The complaint names Percy B. Harvin, a state magistrate, as a defendant in this case, based on Defendant Harvin's action of setting aside a judgement. The setting aside of the judgement was done in Defendant Harvin's judicial capacity. [Docket #1-3 at 18]. The doctrine of judicial immunity precludes any claim against a judge arising from judicial acts done within a court's jurisdiction. *Mireles v. Waco*, 502 U.S. 9 (1991); *Stump v. Sparkman*, 435 U.S. 349, 351-364 (1978); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987); and *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985). In South Carolina, Magistrate Courts are part of the State of South Carolina's unified judicial system. *See* Article V, Section 1, Constitution of the State of South Carolina ("The judicial power shall be vested in a unified judicial system, which shall include a Supreme Court, a Court of Appeals, a Circuit Court, and such other courts of uniform jurisdiction as may be provided for by general law."). Magistrates have civil jurisdiction when the amount in controversy does not exceed $7,500. *See* S. C. Code Ann. § 22-3-10. In *Briscoe v. LaHue*, 460 U.S. 325, 334 (1983) and *Pierson v. Ray*, 386 U.S. 547, 554 (1967), the

3

Supreme Court has specifically held that state judges are absolutely immune from liability under 42 U.S.C. § 1983. Thus, Defendant Harvin must be dismissed as a defendant in this case.

### Recommendation

Accordingly, it is recommended that the District Judge dismiss the Defendant Percy B. Harvin as a party in this case, without issuance and service of process on Defendant Harvin. Service of process on the remaining defendants has been ordered.

*George C. Kosko*
United States Magistrate Judge

July 17, 2008
Charleston, South Carolina

**The plaintiff's attention is directed to the notice on the following page.**

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).