IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

_____

| | |
|---|---|
| Ben Howard Smith, | ) C.A. #2:08-0201-PMD-BM |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) **ORDER** |
| | ) |
| Joseph K. Coffy; Bob Atkinson; Linda | ) |
| G. Walters; Percy B. Harvin; L. Keith | ) |
| Josey, Jr.; Ronnie Stewart, | ) |
| | ) |
| Defendants. | ) |

_____)

The above-captioned case is before this court upon the magistrate judge's recommendation

that the case be dismissed as to defendant Percy B. Harvin.  Because plaintiff is pro se, this matter

was referred to the magistrate judge.[1]

This Court is charged with conducting a de novo review of any portion of the magistrate

judge's report to which a specific objection is registered, and may accept, reject, or modify, in whole

or in part, the recommendations contained in that report.  28 U.S.C. § 636(b)(1).  However, absent

prompt objection by a dissatisfied party, it appears that Congress did not intend for the district court

to review the factual and legal conclusions of the magistrate judge.  Thomas v Arn, 474 U.S. 140

(1985). Additionally, any party who fails to file timely, written objections to the magistrate judge's

report pursuant to 28 U.S.C. § 636(b)(1) waives the right to raise those objections at the appellate

_____

[1]Pursuant to the provisions of Title 28 United States Code, § 636(b)(1)(B), and Local Rule
73.02(B)(2)(d), D.S.C., the magistrate judge is authorized to review pretrial matters and submit
findings and recommendations to this Court.

court level.  United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).[2]  No objections have been filed to the magistrate judge's report.[3]

A review of the record indicates that the magistrate judge's report accurately summarizes this case and the applicable law.  For the reasons articulated by the magistrate judge, it is hereby **ordered** that defendant Percy B. Harvin be summarily **dismissed** as a party in this case without issuance and service of process.

**ORDERED**, that the magistrate judge's report and recommendation is adopted as the order of this Court.

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

January 13, 2009
Charleston, South Carolina

---

[2]In Wright v. Collins, 766 F.2d 841 (4th Cir. 1985), the court held "that a pro se litigant must receive fair notification of the consequences of failure to object to a magistrate judge's report before such a procedural default will result in waiver of the right to appeal.  The notice must be 'sufficiently understandable to one in appellant's circumstances fairly to appraise him of what is required.'"  Id. at 846.  Plaintiff was advised in a clear manner that his objections had to be filed within ten (10) days, and he received notice of the consequences at the appellate level of his failure to object to the magistrate judge's report.

[3]On August 7, 2008, the court entered an Order adopting the Report and Recommendation dismissing defendant Harvin due to plaintiff's failure to file objections, however, plaintiff moved to set aside dismissal of defendant Harvin, asserting he had never received the Report and Recommendation.  The court issued an order on September 12, 2008 vacating the order adopting the Report and Recommendation and gave plaintiff until October 1, 2008 to file his objections.

## NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this Order within **thirty (30) days** from the date hereof pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.