**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| Ben Howard Smith, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 2:08-CV-201-PMD-GCK |
| ) | |
| Joseph K. Coffy; Bob Atkinson; ) | |
| Linda G. Walters; Percy B. Harvin; ) | **ORDER** |
| L. Keith Josey, Jr.; Ronnie Stewart, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the court upon Plaintiff Ben Howard Smith's ("Plaintiff") objections to a United States Magistrate Judge's Report and Recommendation ("R&R") that Defendant Percy B. Harvin be dismissed as a party in this case. Having reviewed the entire record, including Plaintiff's objections, the court finds the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the court adopts the R&R and fully incorporates it into this Order.

**BACKGROUND**

In his Complaint, Plaintiff alleges that he entered into a lease agreement with Defendants Bob Atkinson and Linda G. Walters for a house they owned with the option to purchase the house after two years. Plaintiff gave Atkinson and Walters a $200.00 deposit to secure his lease of the house and was going to pay a remaining $800.00 due when he took possession. On the day that Plaintiff was to take possession of the home, however, Atkinson and Walters never showed up to complete the deal, and Plaintiff filed suit in Clarendon County Magistrate's Court to recover his $200.00 deposit from them. On May 13, 2004, Magistrate Judge Cornell Hampton rendered a judgment against Atkinson and Walters in the amount of $255.00. Plaintiff asked

Defendant Deputy Sheriff Ronnie Stewart to have the judgment executed, and according to Plaintiff, Stewart, Atkinson, Walters, and Defendant Joseph Coffey, Atkinson and Walters' attorney, all agreed that Atkinson and Walters should not pay the judgment to Plaintiff because another magistrate judge in Clarendon County "was expected to die soon" and because Defendant Percy B. Harvin was expected to fill that vacancy. It appears from Plaintiff's Complaint that this in fact happened. Plaintiff alleges that Magistrate Judge Percy Harvin is a white Caucasian who hates blacks; is a political associate of Coffy and Stewart; and is "the puppet KKK crony that Coffy was making deals, horsetrading, and calling favors" after Harvin took the bench.

On October 4, 2005, Coffy moved Magistrate Judge Harvin to set aside Plaintiff's judgment against Atkinson and Walters on the ground that Plaintiff "failed to adhere to the instructions provided to him by the Court at his May 13, 2004 hearing." The record reveals that on the very same day, Magistrate Judge Harvin granted Atkinson and Walters' motion to set aside Plaintiff's Judgment, and his order simply stated, "It is hereby Ordered that since [Plaintiff] has failed to adhere to the instructions provided to him by this Court at the May 13, 2004 hearing, the Plaintiff's Judgment is hereby rescinded and voided." Plaintiff asserts he never received notice of Atkinson and Walters' motion to set aside his judgment; thus, he never had the opportunity to contest their motion.

Plaintiff, appearing *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983, and his motion to proceed without prepayment of the filing fee, *in forma pauperis*, under 28 U.S.C. § 1915 has been granted. As against Magistrate Judge Percy Harvin, Plaintiff alleges that he "secretly hated and clandestinely worked against Blacks but overtly acted as their friend . . . and agreed to set aside the judgment as [a] favor to Coffy for helping him get [the magistrate judge]

2

position and become Chief Magistrate." Since Plaintiff proceeds *in forma pauperis*, the Magistrate Judge conducted a careful review of his *pro se* complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii), which permits "a court to dismiss the case at anytime if the court determines that . . . the action . . . seeks monetary relief against a defendant who is immune from such relief." On July 17, 2008, the Magistrate Judge recommended that Defendant Percy B. Harvin, a Magistrate Judge in Clarendon County, should be dismissed as a party in this case.

On August 7, 2008, this court issued an Order adopting the Magistrate Judge's Report and Recommendation dismissing Judge Harvin due to Plaintiff's failure to file objections to the Magistrate Judge's R&R. It was later discovered that Plaintiff's address changed at some point between the filing of the R&R and the issuance of this court's Order adopting it; therefore, Plaintiff never received the R&R. On September 12, 2008, the court vacated its August 7, 2008 Order and gave Plaintiff until October 1, 2008 to file any objections to the R&R. Although Plaintiff filed his objections with the court on September 19, 2008, a mix up in the court's filing caused the court to believe that Plaintiff never filed objections. Thus, on January 13, 2008, the court issued another Order adopting the Magistrate Judge's R&R dismissing Judge Harvin due to Plaintiff's failure to file objections. Then on June 9, 2008, the court vacated this Order, as it was determined that Plaintiff had in fact filed objections to the Magistrate Judge's R&R. Therefore, the court now considers Plaintiff's objections.

## STANDARD OF REVIEW

The Magistrate Judge made his review in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge only makes a recommendation to the court. It has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties are allowed to make a written

objection to a Magistrate Judge's report within ten days after being served a copy of the report. 28 U.S.C. § 636(b)(1). From the objections, the court reviews *de novo* those portions of the R&R that have been specifically objected to, and the court is allowed to accept, reject, or modify the R&R in whole or in part. *Id.* Additionally, the court may recommit the matter to the Magistrate Judge with instructions. *Id.*

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). The requirement of liberal construction, however, does not mean that the court can ignore a clear failure in pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## ANALYSIS

As noted above, the Magistrate Judge conducted a review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915 and recommended that Defendant Percy B. Harvin, a Magistrate Judge in Clarendon County, be dismissed as a party in this case because he is entitled to absolute judicial immunity. The Magistrate Judge determined that Plaintiff's complaint against Judge Harvin is based on Judge Harvin's setting aside Plaintiff's judgment, and since this action was taken in Judge Harvin's official judicial capacity, the doctrine of judicial immunity precludes any claim against him. (R&R at 3.) Plaintiff objects to this recommendation on several grounds. Plaintiff believes that Judge Harvin should not be dismissed from this suit because he "abused his authority as magistrate and violated Judicial Canons of ethics when he vacated Plaintiff's [d]uly and legally obtained judgment for the refund of his monies that he paid to the white

4

defendants who are of Harvin's ethnic group. Harvin is caucasion and white, and [r]acially [d]iscriminated against Plaintiff and vacated the judgment because Plaintiff is Black and is hated by Harvin." (Objections at 1.) Moreover, Plaintiff asserts that "Harvin's actions [p]roximately caused [him] to lose his property and monies without Due Process and violated other Constitutional rights of [his]." (Objections at 2.) Specifically, Plaintiff argues that Harvin violated his due process rights "by not giving [him] NOTICE AND OPPORTUNITY TO BE HEARD AND OBJECT TO SUCH A SERIOUS ACTION . . . WHEN HARVIN VACATED PLAINTIFF'S JUDGMENT AT THE EXACT SAME INSTANT THAT COFFY PRESENTED HIM WITH A WRITTEN MOTION TO DO SO." (*Id.*) Plaintiff further asserts that Judge Harvin "violated his contractual rights" and right "to have remedy for breach of contract and adequate redress for such breach" by vacating his judgment against Atkinson and Walters. (Objections at 4.) Finally, Plaintiff claims that Judge Harvin committed housing discrimination and a tort against Plaintiff by setting aside his judgment against Atkinson and Walters.

"It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions." *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985). "[J]udges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Stump v. Sparkman*, 435 U.S. 349, 355–56 (1978). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Id.* A review of Plaintiff's objections confirms that Plaintiff's complaints against Judge Harvin arise out of his decision to set aside Plaintiff's judgment against Atkinson and Harvin. As the Magistrate Judge correctly stated in his R&R, this action was done in Judge

5

Harvin's judicial capacity, and Judge Harvin possessed the jurisdiction to do so, as South Carolina magistrate judges possess civil jurisdiction when the amount in controversy in a matter does not exceed $7,500. S.C. Code Ann. § 22-3-10. Therefore, the court finds that Judge Harvin is entitled to absolute judicial immunity from Plaintiff's claims arising out of Judge Harvin's order to set aside Plaintiff's judgment. Plaintiff's appropriate avenue for relief from Judge Harvin's order is through an appeal of that decision rather than a suit for money damages against him.

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that Defendant Percy B. Harvin is **DISMISSED** from this suit, without issuance and service of process.

PATRICK MICHAEL DUFFY
United States District Judge

**June 16, 2009**
**Charleston, SC**