
| | |
|---|---|
| Ben Howard Smith,<br><br>Plaintiff,<br><br>vs.<br><br>Joseph K. Coffy, Bob Atkinson, and Linda G. Walters,<br>Defendants. | Civil Action No. 2:08-cv-2009-RMG-BM<br><br>**ORDER** |

This is a *pro se* Complaint alleging a wide-ranging racially motivated conspiracy by prospective landlords, law enforcement officers and a local magistrate arising out of Plaintiff's efforts to rent a residence and obtain a refund of a $200 rent deposit. Plaintiff alleges that Defendants "stalked, menaced and followed him", conspired with a "KKK tainted" magistrate and "hired agents" to "steal his belongings" and "run him off the road." (Dkt. 1-2, pp. 5, 8 and 9). Plaintiff is proceeding in this matter *in forma pauperis* pursuant to 28 U.S.C. § 1915. (Dkt. No. 6). As explained herein, this Court is dismissing all remaining claims raised in this matter against Defendants Atkinson and Walters.

**Background**

The above captioned action was referred to the Magistrate Judge for pre-trial proceeding pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g), D.S.C. This matter was originally assigned to two other judges in this District but subsequently administratively reassigned to undersigned on August 18, 2010 (Dkt. No. 173).

Prior to the case being transferred to undersigned, several dispositive motions were addressed, first by the Magistrate Judge with reports and recommendations and then

1

by the District Court. The District Court first dismissed Defendant Harvin, a local magistrate, on the basis of judicial immunity. (Dkt. No. 90). The District Court next dismissed Plaintiff's §1983 claims against prospective landlords, Defendants Atkinson and Walters, and also dismissed, in part, Plaintiff's §1985 claim that Defendants Atkinson and Walters hired agents to harass Plaintiff. (Dkt. No. 131). The District Court also granted summary judgment in favor of Defendants Josey and Stewart, who are law enforcement officials. (Dkt. No. 140).

In light of the above Orders, the remaining parties in the action are Defendants Coffy, Atkinson, and Walters. Defendant Coffy, an attorney who represented Defendants Atkinson and Waters in a magistrate court proceeding relating to Plaintiff's rent deposit, has not filed any dispositive motions with this Court and this Order does not address the claims against him. However, currently before this Court is Defendants Atkinson and Walters' motion for summary judgment. (Dkt. No. 156). With respect to this motion, the Magistrate Judge recommended granting it in part and denying it in part. (Dkt. No. 169). More specifically, the Magistrate recommended granting Defendants Atkinson and Walters's motion for summary judgment with respect to Plaintiff's § 1985 conspiracy claim alleging that the Defendants engaged in a conspiracy to keep innkeepers and motel owners from renting rooms in their establishments to Plaintiff. (*Id.*) The Magistrate Judge further recommended denying these Defendants' motion for summary judgment with respect to the §1985 conspiracy claim and state fraud claim on the basis of conflicting affidavits of the parties. (*Id.*) Plaintiff did not file any objections to the Magistrate Judge's report.

## Law/Analysis

The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

Because Plaintiff has not filed objections to the Magistrate's Report and Recommendation, this Court reviewed this portion of the Magistrate's report for errors of law and finds none. Thus, this Court adopts the Magistrate's Report to the extent that it **grants** Defendants Atkinson and Walters's motion for summary judgment. (Dkt. No. 169). Accordingly, this Court grants judgment in favor of Defendants Atkinson and Walters with respect to Plaintiff's § 1985 conspiracy claim alleging that the Defendants engaged in a conspiracy to keep innkeepers and motel owners from renting him rooms in their establishments. (*See* Dkt. No. 156).

However, this Court declines to adopt the Magistrate Judge's report with regard to his recommendation that Defendants Atkinson and Walters's motion for summary judgment be denied with respect to Plaintiff's section 1985 claim that Defendants

Atkinson and Walters discriminated against him because of his race and/or refused to return his rental deposit. This Court further declines to adopt the Magistrate's recommendation that Defendants Atkinson and Walters motion be denied with respect to Plaintiff's state law fraud claim.

From a *de novo* review of the Record with respect to the above referenced claims that remain against Defendants Atkinson and Walters, the Record, taken in the light most favorable to the Plaintiff and based upon his own allegations and documents filed with his Complaint, reflects that on January 3, 2003 Plaintiff was aware the Defendants were not renting to him and that the check for the return of his security deposit was allegedly "bad". (Dkt. No. 1-2 at p. 4). Plaintiff's Complaint further reveals that as of May 13, 2004 he had filed suit in South Carolina state court arising out of the alleged events. (Dkt. No. 1-2 at p. 14). Thus, as early as January 3, 2003 and as late as May 13, 2004 Plaintiff was aware of the alleged wrongdoings of Defendants Atkinson and Walters with respect to their alleged fraud upon him in not renting to him or returning his deposit check as well as their alleged failure to rent to him because of his race. However, Plaintiff did not file the current suit until December 26, 2007.[1]

In an action where a plaintiff is proceeding *in forma pauperis*, the Fourth Circuit has held that this Court has a duty under 28 U.S.C. § 1915(e)(2) to screen initial filings and the Code requires a district court to dismiss a complaint filed *in forma pauperis* "at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious . . . [or] fails to state a claim on which relief may be granted." *See Eriline Co. S.A. v.*

---

[1] This matter was originally filed in the Southern District of New York and transferred to the District Court for the District of South Carolina the same day it was filed. (Dkt. No. 1-1).

4

*Johnson*, 440 F.3d 648 (4th Cir. 2006) (citing § 1915(e)(2)(B)(i)-(ii) and outlining the duties of a district court with respect to *in forma pauperis* cases). The Fourth Circuit went on to explain in *Erline* that a district court may consider a statute of limitations defense *sua sponte* when the face of the complaint plainly reveals the existence of such a defense. *Id.* (citing and relying on *Nasim v. Warden, Md. House of Correction*, 64 F.3d 951, 953-54 (4th Cir.1995)).

In light of the duties imposed on this Court as noted in *Erline*, this Court *sua sponte* examined whether the applicable statutes of limitation barred Plaintiff's remaining §1985 claims and his state law fraud claim. Having done so, this Court concludes that these causes of action are barred by the applicable limitations periods. Thus, Plaintiff cannot state a claim for relief.

The statute of limitation for a §1985 claims has been determined to be three (3) years. *See Haley v. Josey*, 2010 WL 705907 (D.S.C. Feb. 10, 2004) (noting that the three (3) year state law statute of limitations for personal injury claims applies to §§1983 and 1985 claims which in South Carolina is S.C. Code Ann. § 15-3-530(5)). Similarly, the statute of limitation in South Carolina for a state law fraud claim is also three (3) years pursuant to S.C. Code Ann. 15-3-530. *See also Turner v. Milliman*, 381 S.C. 101, 109-10, 671 S.E.2d 636, 640 (S.C. Ct. App. 2009) (applying three-year statute of limitations in a fraud action). Therefore, in order to have filed a timely claim based upon the allegations in Plaintiff's Complaint that demonstrate when he was aware of Defendants Atkinson and Walters's actions, Plaintiff would have had to file suit by May of 2007 for his claims to be timely. Plaintiff failed to do so. As a result, his remaining claims against

Defendants Atkinson and Walters are dismissed pursuant to 28 U.S.C. §1915(d) as untimely and barred by the applicable statute of limitations.

## Conclusion

Based on the above, judgment is granted in favor of Defendants Atkinson and Walters with respect to the remaining claims Plaintiff alleges against them.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

November 22, 2010
Charleston, South Carolina