IN THE UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | |
|---|---|
| Ben Howard Smith,                                       ) | C/A 2:08-0201-RMG |
|                 Plaintiff,              ) | |
| v.                                                                  ) | **REPORT AND RECOMMENDATION** |
| Joseph K. Coffy;                                             ) | |
|                 Defendants.          ) | |

This action was originally filed in the United States District Court for the Southern District of New York, where the pro se Plaintiff resides, but was subsequently transferred to the District of South Carolina by Order filed December 26, 2007. See Court Docket No. 1. Following transfer, one of the original named Defendants, Percy B. Harvin, was dismissed as a party Defendant. See Order filed August 7, 2008. See also, Orders filed January 13, 2009 and June 16, 2009.

Two of the remaining Defendants, Bob Atkinson and Linda Walters, filed a motion to dismiss pursuant to Rule 12, Fed.R.Civ.P., on August 14, 2009. On November 12, 2009, the Court entered an Order granting Atkinson and Walters' motion to be dismissed as party Defendants in Plaintiff's First and Fourth Causes of Action, which are asserted under 42 U.S.C. § 1983. The conspiracy claim asserted against these two Defendants involving his state court case and for having hired "agents" to break into his house and otherwise harass him, asserted in Plaintiff's Second Cause of Action, was also dismissed. However, all remaining claims against these two Defendants in



1

Plaintiff's Second Cause of Action, as well as Plaintiff's fraud claim against these two Defendants in his Third Cause of Action, were allowed to proceed.

In the interim, two other originally named Defendants, Keith Josey and Ronnie Stewart, filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on September 22, 2009. On March 29, 2010, the Court entered an Order granting Josey and Stewarts' motion for summary judgment, and dismissing them as party Defendants in this case. The Defendants Atkinson and Walters then filed a motion for summary judgment on July 1, 2010, and on November 23, 2010, the Court entered an Order granting judgment in favor of Atkinson and Walters with respect to the remaining claims asserted against them, and dismissing them as party Defendants in this case.

As a result of the above recited case history, the Defendant Joseph Coffy is now the only Defendant remaining in this case. Coffy filed a motion to dismiss pursuant to Rule 12, Fed.R.Civ.P., on February 4, 2011. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on February 15, 2011, advising Plaintiff of the importance of a dispositive motion and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendant's motion may be granted, thereby ending his case. After receiving an extension of time, Plaintiff filed a response in opposition to the motion to dismiss on April 25, 2011.

The Defendant Coffy's motion to dismiss is now before the Court for disposition.[1]

**Background and Evidence**

With respect to this remaining Defendant, the Plaintiff alleges in his verified complaint that

---

[1] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g), D.S.C. The Defendant Coffy has filed a motion to dismiss. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



2

he is an African-American who answered an ad in a newspaper regarding a house for rent with an option to purchase. The sellers/landllords are alleged to have been the former Defendants Atkinson and Walters, both Caucasians. Plaintiff alleges that he gave these two former Defendants a Two Hundred Dollar cash deposit, with an additional Eight Hundred Dollars being due "a month later at closing . . . .". Plaintiff alleges that he subsequently demanded his money back, but that Atkinson and Walters wrote him "a bad check which he could not cash". Plaintiff alleges that he then sued Atkinson and Walters and won a judgment in County Magistrate's Court for the return of his deposit. See also, Exhibit B attached to the Complaint. Plaintiff alleges he then contacted former Defendant Ronnie Stewart (a Sheriff's Deputy) to have his judgment executed, but that after Stewart spoke with the Defendant Coffy (Atkinson and Walters' attorney), he (Stewart) agreed not to execute the judgment. Plaintiff alleges that Stewart and Coffy are both also Caucasians.

Plaintiff alleges that Coffy then improperly "conspired" with Stewart, Atkinson, Walters, and former Defendant Percy Harvin (the County Magistrate), to set aside the judgment. Plaintiff alleges that "Harvin secretly hated and clandestinely worked against the blacks but overtly acted as their friend . . . .". Plaintiff further alleges that Harvin agreed to set aside the judgment as a "payback favor" to Coffy for helping him get the Magistrate's position. Plaintiff alleges that he did not receive notice that his judgment had been set aside until he got a copy of Harvin's order in the mail on January 4, 2006.[2]

Plaintiff also alleges that Coffy (together with Walters and Atkinson) hired "agents" to find out where he was staying, with the "hired agents" then being directed to break into and enter Plaintiff's residence whenever he was not home. The purpose of these break-ins was to burglarize

---

[2] Harvin's order is dated October 4, 2005. See Plaintiff's Exhibit A, attached to Complaint.



Plaintiff's home and steal his belongings. Plaintiff alleges that these "agents" stalked him, and followed him everywhere. Plaintiff further alleges that Coffy, Atkinson, and Walters "told lies" on him, which caused him to be evicted from places where he was staying. Plaintiff also alleges that Coffy told him that he had instructed Atkinson and Walters not to refund his deposit, because Plaintiff "was a black man and they don't have to refund monies to black men in South Carolina." The remainder of Plaintiff's allegations relate to the other Defendants who have now been dismissed.

Plaintiff alleges in his first cause of action that Coffy acted and conspired with the other Defendants to set aside his judgment because of his race and asserts a claim against Coffy under 42 U.S.C. § 1983. In his Second Cause of Action, Plaintiff further alleges that Coffy and the other Defendants violated his rights under 42 U.S.C. § 1985. In his Third Cause of Action, Plaintiff alleges that the Defendants committed fraud against him by taking his money when they had no intention of renting their house to him, and then having the judgment he obtained set aside.[3] Finally, Plaintiff alleges in his Fourth Cause of Action that the Defendants violated his due process rights by taking his money and refusing to return his deposit because he is black.[4] See generally, Verified Complaint with attached Exhibits.

## Discussion

When considering a Rule 12 motion to dismiss, the Court is required to accept the allegations in the pleading as true, and draw all reasonable factual inferences in favor of the Plaintiff.

---

[3] Although this cause of action would appear to be asserted only against former Defendants Atkinson and Walters, who were involved in the rental of the house and who received the payment from the Plaintiff, due to the general nature of the pro se complaint it is not clear whether Plaintiff also intended to include Coffy or any other Defendants under this cause of action.

[4] As with Plaintiff's Third Cause of Action, this Cause of Action appears to be directed at former Defendants Atkinson and Walters.



The motion can be granted only if the Plaintiff has failed to set forth sufficient factual matters to state a plausible claim for relief "on its face". Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Additionally, the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case; See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972); and as the Plaintiff is proceeding pro se, his pleadings are considered pursuant to this liberal standard. However, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990).

**I.**

With respect to Plaintiff's First and Fourth Causes of Action, Coffy argues that Plaintiff may not pursue these claims against him because he is not a state actor. The undersigned agrees.

To state a cause of action under § 1983, Plaintiff must show that a named Defendant deprived him of a federal right, and did so under color of state law (i.e.; by a "state actor"). Gomez v. Toledo, 446 U.S. 635, 640 (1980); see also Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002)[Plaintiff has burden of alleging facts sufficient to state all the elements of a claim]. Purely private conduct, no matter how wrongful, injurious, or discriminatory is not actionable under § 1983. See Lugar v. Edmondson Oil Co., 457 U.S. 922, 936 (1982); Burton v. Wilmington Parking Authority, 365 U.S. 715, 721 (1961). Plaintiff's Complaint does not allege that Coffy is a public employee or official, and where private actors are concerned, their activity will generally not be deemed "state action" unless the State has so dominated the activity as to convert it into state action.



DeBauche v. Trani, 191 F.3d 499, 506-507 (4th Cir. 1999), cert. denied 529 U.S. 1033 (2000).

In making a determination on this issue, the undersigned has considered Plaintiff's factual allegations to be true, and has drawn all reasonable factual inferences in his favor. Falzone, 776 F.Supp. at 890. However, even assuming the factual allegations of the Complaint to be true, the undersigned agrees with Coffy that they do not establish a basis for Plaintiff to pursue claims against him under § 1983, as there is no basis to find from the facts alleged that Coffy was a "state actor" for purposes of a § 1983 lawsuit. According to the allegations of the Complaint, Plaintiff sued Atkinson and Walters for the return of a deposit he had given them for rental of a house and won a judgment against them for the return of his deposit, plus expenses. Atkinson and Walters then hired Coffy, who filed a motion to set aside the judgment on the grounds that Plaintiff had failed to adhere to the instructions given to him at a hearing on May 13, 2005. The Court granted that motion. See Plaintiff's Exhibit A. Plaintiff alleges that this motion was filed, and the judgment overturned without notice to him, as a "payback favor" to Coffy for helping the Judge get his judgeship. Plaintiff also alleges that Coffy (together with Walters and Atkinson) hired "agents" to find out where he was living and to harass him, to include burglarizing his home, that Coffy (together with Atkinson and Walters) "told lies" on him, causing him to be evicted from places where he was staying, and that Coffy also told him that he had instructed Atkinson and Walters not to refund his deposit because Plaintiff "was a black man and they don't have to refund monies to black men in South Carolina."

These allegations, even assuming the facts Plaintiff asserts as being based on personal



6

knowledge to be true, do not establish that Coffy was a "state actor" for purposes of a § 1983 claim.[5] First, the statement Plaintiff alleges Coffy made to him, while certainly reprehensible, does not turn Coffy into a state actor. Rather, this statement (assumed for purposes of Defendant's motion to have been made), while certainly racist, represents tasteless and boorish conduct by one private individual towards another, not any form of state action. Lugar, 457 U.S. at 936 [Purely private conduct, no matter how wrongful, injurious, or discriminatory is not actionable under § 1983]. As for the legal action, a private attorney does not become a state actor simply because he represents a client before a court to obtain a legal result. See Fleming v. Arbill, 42 F.3d 886, 890 \ (4th Cir. 1994)["Private lawyers do not act 'under color of state law' merely by making use of the state's court system."]; Read v. Klein, 1 Fed.Appx. 866, 871 (10th Cir. Jan. 9, 2001)["[T]his circuit and several others have held that private parties to litigation and their lawyers are not state actors."]; Forbes v. McCrystal, 164 Fed.Appx. 287, 288 (3rd Cir. Feb. 7, 2006)[Private attorneys are not state actors on the basis of their position as officers of the court]; cf. DiPietro v. New Jersey Family Support Payment Center, No. 08-4761, 2009 WL 1635568 at * 5 (D.N.J. June 10, 2009)["Filing a lawsuit in state court, is not for § 1983 purposes 'state action', nor does it turn a private citizen into a state actor."] (quoting Gueson v. Feldman, No. 11-1117, 2001 WL 34355662 at * 10 (E.D.Pa. Nov. 30, 2001)); Wyatt v. Cole, 994 F.2d 1113, 1117-18 (5th Cir.)[Even the misuse or abuse of the judicial process does not constitute state action], cert. denied, 510 U.S. 977 (1993); Thomason v. Norman E. Lehrer, P.C., 182 F.R.D. 121, 128-129 (D.N.J. 1998); Marangos v. Swett, No. 07-5937, 2008 WL 4508542 at * 4 (D.N.J. Sept. 29, 2008).

---

[5]The undersigned notes that this Court, in a previous order, has already ruled on these facts that Atkinson and Walters were not state actors for purposes of a § 1983 claim. See Order filed November 12, 2009 (Court Docket No. 131).



7

While it is true that a private individual may be deemed to have acted under color of state law where the private individual was a willful participant in joint action with the State or with an agent of the State; <u>Dennis v. Sparks</u>, 449 U.S. 24, 27-28 (1980); there are no factual allegations in the complaint to support such a claim. Although Plaintiff alleges that Coffy engaged in a "conspiracy" with the other named Defendants, including the judge (the previously dismissed Defendant Percy Harvin) to deprive him of his rights because of his race, he does so only in the most general and conclusory fashion, with no supporting facts. <u>Bell Atlantic Corporation v. Twombly</u>, 550 U.S. 544, 555 (2007)[To survive a motion to dismiss, Plaintiff's grounds for entitlement to relief must contain "more than labels and conclusions"]; <u>see also</u> <u>Dennis v. Hein</u>, 413 F.Supp. 1137, 1141 (D.S.C. 1976)[Holding that allegation of a conspiracy between a private individual and one who enjoys judicial immunity from suit fails to state a claim under § 1983]. Specifically, Plaintiff's claim that Coffy entered into some form of illegal or improper "conspiracy" with Judge Harvin to have his case dismissed because Coffy and Harvin did not like blacks or as some form of "payback" to Coffy is supported by no factual allegations whatsoever. Rather, Plaintiff simply alleges in a generally conclusory fashion that this what he believes happened. <u>See</u> <u>Leeds v. Meltz</u>, 85 F.3d 51, 53 (2d Cir. 1996)["While the pleading standard is a liberal one, bald assertions and conclusions of law" are not sufficient to avoid dismissal of a complaint for failure to state a proper claim.]; <u>Frey v. City of Herculaneum</u>, 44 F.3d 667, 671 (8th Cir. 1995)["Complaint must contain facts which state a claim as a matter of law and must not be conclusory"]; <u>see also</u> <u>Ashcroft</u>, 129 S.C. at 1949-1450 ["[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable



to legal conclusions"].⁶ The Court is not required to accept such conclusory allegations, unsupported by any facts, as true when ruling on a motion to dismiss. See Bell Atlantic Corp. v. Twombly, 550 U.S. at 555 ["While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . [f]actual allegations must be enough to raise a right to relief above the speculative level"]; House v. New Castle County, 824 F.Supp. 477, 485 (D.Md. 1993) [Plaintiff's conclusory allegations insufficient to maintain claim]; see also Papasan v. Allain, 478 U.S. 265, 286 (1986) [Courts need not assume the truth of legal conclusions couched as factual allegations]; Bender v. Surburban Hospital, Inc., 159 F.3d 186 (4th Cir. 1998); Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987) ["Even though pro se litigants are held to less stringent pleading standards than attorneys the court is not required to 'accept as true legal conclusions or unwarranted factual inferences.'"].

With respect to the remainder of Plaintiff's allegations against Coffy, even if the Court were to assume that Coffy engaged in the conduct Plaintiff alleges in his Complaint with respect to having "agents" stalk him and causing him to be evicted, there are no facts asserted whatsoever which convert this conduct into state action for purposes of a § 1983 claim. Dixon, 309 F.3d at 213 [Plaintiff has burden of alleging facts sufficient to state all the elements of the claim]; Lugar, 457 U.S. at 936 [Purely private conduct, no matter how wrongful, injurious, or discriminatory

---

⁶As purported support for this allegation, Plaintiff has attached to his complaint a copy of the motion to set aside judgment filed by Coffy and the order setting aside judgment in his case, as well as a complaint and grievance Plaintiff filed with the South Carolina Bar against the officials involved in having his judgment vacated. See Plaintiff's Exhibit A and Appendix attached to his Complaint. However, Plaintiff's Bar grievance again contains only conclusory allegations against these officials. It does not contain any specific facts to support his claim of improper conduct on behalf of these officials, nor do the motion filed by Coffy or the order of the Court contain any such facts or constitute evidence to support the existence of any such unlawful conspiracy.



9

is not actionable under § 1983]; Harper v. United States, 423 F.Supp. 192, 196 (D.S.C. 1976)["[W]here the claims in a complaint are insufficiently supported by factual allegations, these claims may be properly dismissed by summary dismissal"]. Therefore, Coffy is entitled to dismissal as a party Defendant under Plaintiff's § 1983 claims (Plaintiff's First and Fourth Causes of Action). Further, as Coffy is the only remaining Defendant in this case, even if the remainder of Plaintiff's claims were to proceed, these two causes of action should be dismissed, in toto.

## II.

With respect to Plaintiff's claim asserted under § 1985 (Second Cause of Action), while Plaintiff does not specifically cite under which subsection of § 1985 he is pursuing this claim, because Plaintiff specifically claims that the Defendants (all of whom are white) conspired against him because of his race, and giving Plaintiff's Complaint the liberal construction to which he is entitled as a pro se litigant, the undersigned has considered and evaluated Plaintiff's § 1985 claim under § 1985(3).[7] In order to pursue a claim under § 1985(3), Plaintiff must allege (1) a conspiracy; (2) for the purpose of depriving him the equal protection of the laws, or the equal privileges and immunities under the laws; (3) an overt act in furtherance of the conspiracy; and (4) an injury to the Plaintiff's person or property, or a deprivation of a right or privilege of a citizen of the United States. Thomas v. Roach, 165 F.3d 137, 146 (2d Cir. 1999). Plaintiff must also set forth facts to show that "some racial, or perhaps otherwise class-based, invidious discriminatory animus [lay] behind the [alleged] conspirators' action". Thomas, 165 F.3d at 145; see Griffin v. Breckenridge, 403 U.S. 88, 102 (1971). "Moreover, the law is well settled that to prove a section 1985 'conspiracy', a claimant

---

[7]Unlike § 1983, Plaintiff can pursue a conspiracy claim against private actors, such as Coffy, under § 1985(3). United Brotherhood of Carpenters and Joiners of America v. Scott, 463 U.S. 825, 832-834.



must show an agreement or a 'meeting of the minds' by defendants to violate the claimant's constitutional rights..." Simmons v. Poe, 47 F.3d 1370, 1377 (4th Cir. 1995).

As previously noted, Plaintiff has failed to set forth any facts or allegations to tie Coffy to any conspiracy involving his court case. Rather, Plaintiff's § 1985 claim with respect to his court case suffers from the same infirmity as did his § 1983 claim; that is, his claim of a conspiracy is based on nothing more than his own conclusory and subjective statements that an unlawful conspiracy existed. Plaintiff's allegations concerning "agents" of Coffy or other Defendants breaking into his house or following him around are also mere speculation with no supporting facts. These allegations are therefore not sufficient to survive Coffy's motion to dismiss. McCaskill v. Kawashima Textile, USA, Inc., No. 06-3227, 2007 WL 4148076, at * 3 (D.S.C. Nov. 20, 2007)["Factual allegations must be enough to raise a right to relief above a speculative level"]; Morgan, 829 F.2d at 12 [The Court is not required to accept as true legal conclusions or unwarranted factual inferences]; cf.. Simmons, 47 F.3d at 1377 ["We have specifically rejected Section 1985 claims whenever the purported conspiracy is allege in a mere conclusory manner"].[8]

### III.

With respect to the remainder of Plaintiff's § 1985(3) claim; that Coffy (along with Walters and Atkinson) told innkeepers and motel owners that Plaintiff should not be given rooms in their establishments because he was a troublemaker and "hated white people", and that Coffy specifically told him that he had instructed Atkinson and Walters not to refund his deposit because Plaintiff "was a black man and they don't have to refund monies to black men in South Carolina",

---

[8]The undersigned would note that the Court has previously dismissed Plaintiff's § 1985 claim against Walters and Atkinson on these same grounds. See Order filed November 12, 2009 (Court Docket No. 131).



these allegations sufficiently allege a conspiracy between Coffy and other individuals to deprive Plaintiff of the equal protection of the laws based on his race, overt acts of which Plaintiff claims to have personal knowledge in furtherance of that conspiracy, and an injury to Plaintiff's person or property, to state a claim.  Thomas v. Roach, 165 F.3d at 146; McCaskill, 2007 WL 4148076, at * 4 [A pro se complaint must be read liberally, and a court must accept as true factual allegations in the complaint under which relief could possibly be granted].  Therefore, Coffy would not be entitled to dismissal as a party Defendant under Plaintiff's § 1985 claim with respect to these allegations on the grounds of failure to state a claim.

With respect to Plaintiff's claim for fraud (Third Cause of Action), to the extent this claim could be liberally construed to include Coffy, the allegations of the Complaint are sufficient to survive a Rule 12 motion for failure to state a claim because Plaintiff has sufficiently alleged that the Defendants represented to him that he could lease and/or buy a house, that this representation was both material and false and the Defendants knew that it was false, that the Defendants intended Plaintiff to act upon the representation by paying a Two Hundred ($200.00) Dollar deposit, that Plaintiff was ignorant of the falsity of the representation but nevertheless relied on its truth, that Plaintiff had a right to rely on the representation by the Defendants that he could rent and/or purchase this residence, and that he was injured by the false representation because he lost his Two Hundred ($200.00) Dollar deposit.  Falzone, 776 F.Supp. at 890 [When considering a Rule 12 motion to dismiss, the court must accept the factual allegations in the complaint as true, and draw all reasonable inferences in the Plaintiff's favor]; Wolman v. Tose, 467 F.2d 29, 33, n. 5 (4th Cir. 1972)["Under the liberal rules of federal pleading, a complaint should survive a motion to dismiss if it sets out facts sufficient for the Court to *infer* that all of the required elements of the cause of



12

action are present."]; Enhance-It, L.L.C. v. Am. Access Tech., Inc., 413 F.Supp.2d 626, 629-630 (D.S.C. 2006)[Setting forth elements for a claim of fraud].

However, although Plaintiff's allegations sufficiently state a claim to survive a Rule 12 motion to dismiss with respect to these remaining claims and causes of action, the Court has previously ruled in the motion for summary judgment filed by Atkinson and Walters that the allegations of the Complaint show that Plaintiff was aware of these claims as early as January 3, 2003 and as late as May 13, 2004, and that since Plaintiff did not file this lawsuit until December 26, 2007, these claims are subject to dismissal as having been filed outside of the applicable statute of limitations. See Order filed November 23, 2010 (Court Docket No. 181); see also Haley v. Josey, No. 09-714, 2010 WL 705907 (D.S.C. Feb. 10, 2004)[Three year statute of limitations applies to claims asserted under § 1985 in South Carolina); Turner v. Milliman, 671 S.E.2d 636, 640 (S.C.Ct.App. 2009) [Applying three year statute of limitations to fraud actions], aff'd in part, rev'd in part on other grounds, by Turner v. Milliman, 2011 WL 1118833 (S.C. Mar. 28, 2011).[9] Therefore, even if Plaintiff's Complaint contains sufficient factual allegations to state a claim with respect to these remaining causes of action, based on the Court's previous finding, these remaining causes of action are subject to dismissal as having been filed outside of the applicable statute of limitations.

## Conclusion

Based on the foregoing, it is recommended that the Defendant's motion be **granted,**

---

[9]Even though Coffy has not raised this as a defense, the Court ruled in that Order that it could consider a statute of limitations defense sua sponte when the face of the complaint plainly reveals the existence of such a defense, citing to Eriline Co. S.A. v. Johnson, 440 F.3d 648 (4th Cir. 2006) and Nasim v. Warden, Md. House of Correction, 64 F.3d 951, 953-954 (4th Cir. 1995).



13

and that this case be **dismissed**.

        The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

May 27, 2011
Charleston, South Carolina



14

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

