UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Ben Howard Smith, | ) | Civil Action No. 2:08-cv-201-RMG |
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| Joseph K. Coffy, | ) | |
| Defendant. | ) | |

This matter is before the Court on Defendant's motion to dismiss. As a result, this case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g), D.S.C. The Magistrate Judge has recommended granting the motion. (Dkt. No. 228). The Plaintiff has objected. After a *de novo* review of this matter and Plaintiff's objections, this Court adopts the recommendation of the Magistrate Judge.

### Background

Plaintiff is an African-American who answered an ad in a newspaper regarding a house for rent with an option to purchase. The sellers/landllords are alleged to have been the former Defendants Atkinson and Walters, both Caucasians. Plaintiff alleges that he gave these two former Defendants a Two Hundred Dollar cash deposit, with an additional Eight Hundred Dollars being due "a month later at closing . . . .". Plaintiff alleges that he subsequently demanded his money back, but that Atkinson and Walters wrote him "a bad check which he could not cash". Plaintiff alleges that he then sued Atkinson and Walters

1

and won a judgment in County Magistrate's Court for the return of his deposit. *See also*, Exhibit B attached to the Complaint. Plaintiff alleges he then contacted former Defendant Ronnie Stewart (a Sheriff's Deputy) to have his judgment executed, but that after Stewart spoke with the Defendant Coffy (Atkinson and Walters' attorney), he (Stewart) agreed not to execute the judgment. Plaintiff alleges that Stewart and Coffy are both also Caucasians.

Plaintiff alleges that Coffy then improperly "conspired" with Stewart, Atkinson, Walters, and former Defendant Percy Harvin (the County Magistrate), to set aside the judgment. Plaintiff alleges that "Harvin secretly hated and clandestinely worked against the blacks but overtly acted as their friend . . . .". Plaintiff further alleges that Harvin agreed to set aside the judgment as a "payback favor" to Coffy for helping him get the Magistrate's position. Plaintiff alleges that he did not receive notice that his judgment had been set aside until he got a copy of Harvin's order in the mail on January 4, 2006.

Plaintiff also alleges that Coffy (together with Walters and Atkinson) hired "agents" to find out where he was staying, with the "hired agents" then being directed to break into and enter Plaintiff's residence whenever he was not home. The purpose of these break-ins was to burglarize Plaintiff's home and steal his belongings. Plaintiff alleges that these "agents" stalked him, and followed him everywhere. Plaintiff further alleges that Coffy, Atkinson, and Walters "told lies" about him, which caused him to be evicted from places where he was staying. Plaintiff also alleges that Coffy told him that he had instructed Atkinson and Walters not to refund his deposit, because Plaintiff "was a black man and they don't have to refund monies to black men in South Carolina." The

remainder of Plaintiff's allegations relate to the other Defendants who have now been dismissed.

Plaintiff alleges in his first cause of action that Coffy acted and conspired with the other Defendants to set aside his judgment because of his race and asserts a claim against Coffy under 42 U.S.C. § 1983. In his Second Cause of Action, Plaintiff further alleges that Coffy and the other Defendants violated his rights under 42 U.S.C. § 1985. In his Third Cause of Action, Plaintiff alleges that the Defendants committed fraud against him by taking his money when they had no intention of renting their house to him, and then having the judgment he obtained set aside. Finally, Plaintiff alleges in his Fourth Cause of Action that the Defendants violated his due process rights by taking his money and refusing to return his deposit because he is black. *See generally*, Verified Complaint with attached Exhibits.

## Law/Analysis

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and

Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

When considering a Rule 12 motion to dismiss, the Court is required to accept the allegations in the pleading as true, and draw all reasonable factual inferences in favor of the Plaintiff. The motion can be granted only if the Plaintiff has failed to set forth sufficient factual matters to state a plausible claim for relief "on its face". *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The requirement of liberal construction of pro se pleadings does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

1. 1983 claims.

With respect to Plaintiff's First and Fourth Causes of Action, Coffy argues that Plaintiff may not pursue these claims against him because he is not a state actor. This Court agrees.

To state a cause of action under § 1983, Plaintiff must show that a named Defendant deprived him of a federal right, and did so under color of state law (i.e.; by a "state actor"). *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Plaintiff's Complaint does not allege that Coffy is a public employee or official, and where private actors are concerned, their activity will generally not be deemed "state action" unless the State has so dominated the activity as to convert it into state action. *DeBauche v. Trani*, 191 F.3d 499, 506-507 (4th Cir. 1999), cert. denied 529 U.S. 1033 (2000). Here, Coffy is not a

state actor and Plaintiff has not alleged him to be such. Therefore, the causes of action asserted against him on this basis cannot proceed as a matter of law.

2.     1985 claims.

With respect to Plaintiff's claim asserted under § 1985 (Second Cause of Action), while Plaintiff does not specifically cite under which subsection of § 1985 he is pursuing this claim, because Plaintiff specifically claims that the Defendants (all of whom are white) conspired against him because of his race, and giving Plaintiff's Complaint the liberal construction to which he is entitled as a pro se litigant, the undersigned has considered and evaluated Plaintiff's § 1985 claim under § 1985(3).

In order to pursue a claim under § 1985(3), Plaintiff must allege (1) a conspiracy; (2) for the purpose of depriving him the equal protection of the laws, or the equal privileges and immunities under the laws; (3) an overt act in furtherance of the conspiracy; and (4) an injury to the Plaintiff's person or property, or a deprivation of a right or privilege of a citizen of the United States. *Thomas v. Roach*, 165 F.3d 137, 146 (2d Cir. 1999). Plaintiff must also set forth facts to show that "some racial, or perhaps otherwise class-based, invidious discriminatory animus [lay] behind the [alleged] conspirators' action". *Thomas*, 165 F.3d at 145. "Moreover, the law is well settled that to prove a section 1985 'conspiracy', a claimant must show an agreement or a 'meeting of the minds' by defendants to violate the claimant's constitutional rights..." *Simmons v. Poe*, 47 F.3d 1370, 1377 (4th Cir. 1995).

Plaintiff has failed to set forth any facts or allegations to tie Coffy to any conspiracy involving his court case. Rather, Plaintiff's § 1985 claim with respect to his court case suffers from the same infirmity as did his § 1983 claim; that is, his claim of a

5

conspiracy is based on nothing more than his own conclusory and subjective statements that an unlawful conspiracy existed. Plaintiff's allegations concerning "agents" of Coffy or other Defendants breaking into his house or following him around are also mere speculation with no supporting facts. These allegations are therefore not sufficient to survive Coffy's motion to dismiss. *McCaskill v. Kawashima Textile, USA, Inc.*, No. 06-3227, 2007 WL 4148076, at * 3 (D.S.C. Nov. 20, 2007) ("Factual allegations must be enough to raise a right to relief above a speculative level").

    3.    Remaining Allegations

With respect to the remainder of Plaintiff's § 1985(3) claim; that Coffy (along with Walters and Atkinson) told innkeepers and motel owners that Plaintiff should not be given rooms in their establishments because he was a troublemaker and "hated white people", and that Coffy specifically told him that he had instructed Atkinson and Walters not to refund his deposit because Plaintiff "was a black man and they don't have to refund monies to black men in South Carolina", these allegations sufficiently allege a conspiracy between Coffy and other individuals to deprive Plaintiff of the equal protection of the laws based on his race, overt acts of which Plaintiff claims to have personal knowledge in furtherance of that conspiracy, and an injury to Plaintiff's person or property, to state a claim. *Thomas v. Roach*, 165 F.3d at 146; McCaskill, 2007 WL 4148076, at * 4 (A pro se complaint must be read liberally, and a court must accept as true factual allegations in the complaint under which relief could possibly be granted). Therefore, Coffy would not be entitled to dismissal as a party Defendant under Plaintiff's § 1985 claim with respect to these allegations on the grounds of failure to state a claim.

Further, with respect to Plaintiff's claim for fraud (Third Cause of Action), to the extent this claim could be liberally construed to include Coffy, the allegations of the Complaint are sufficient to survive a Rule 12 motion for failure to state a claim because Plaintiff has sufficiently alleged that the Defendants represented to him that he could lease and/or buy a house, that this representation was both material and false and the Defendants knew that it was false, that the Defendants intended Plaintiff to act upon the representation by paying a Two Hundred ($200.00) Dollar deposit, that Plaintiff was ignorant of the falsity of the representation but nevertheless relied on its truth, that Plaintiff had a right to rely on the representation by the Defendants that he could rent and/or purchase this residence, and that he was injured by the false representation because he lost his Two Hundred ($200.00) Dollar deposit.

However, although Plaintiff's allegations sufficiently state a claim to survive a Rule 12 motion to dismiss with respect to these remaining claims and causes of action, the Court has previously ruled in the motion for summary judgment filed by Atkinson and Walters that the allegations of the Complaint show that Plaintiff was aware of these claims as early as January 3, 2003 and as late as May 13, 2004, and that since Plaintiff did not file this lawsuit until December 26, 2007, these claims are subject to dismissal as having been filed outside of the applicable statute of limitations. *See* Order filed November 23, 2010 (Court Docket No. 181); *see also Haley v. Josey*, No. 09-714, 2010 WL 705907 (D.S.C. Feb. 10, 2004) (Three year statute of limitations applies to claims asserted under § 1985 in South Carolina). Therefore, even if Plaintiff's Complaint contains sufficient factual allegations to state a claim with respect to these remaining causes of action, based on the Court's previous finding, these remaining causes of action

are subject to dismissal as having been filed outside of the applicable statute of limitations.

## Conclusion

Based on the above, Defendant's motion is granted and all of Plaintiff's claims are dismissed.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

June 13, 2011
Charleston, South Carolina

8